# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| Julia Johnson ) | CASE NO. 24-82357-CRJ-13 |
| ) | CHAPTER 13 |
| SSN XXX-XX-7598 ) | |
| ) | |
| DEBTOR ) | |

## TRUSTEE'S MOTION TO DISMISS

COMES NOW, Michele T. Hatcher, the trustee in the above styled case, and states:

1. Upon information and belief, the Debtor recently transferred her interest in real property located at 1307 Pecan Point Way SE, Huntsville, Alabama to a revocable trust owned by the Debtor, also serving as trustee. The Debtor failed to disclose said transfer on the Statement of Financial Affairs, Question 18 and/or Question 19 and failed to provide the Chapter 13 Trustee with copies of the deed and trust documents.

    a. Section 1325(a)(7) of the Bankruptcy Code provides " ... the court shall confirm a plan if - (7) the action of the debtor in filing the petition was in good faith; "

    b. According to Lundin, "The transfer of assets on the eve of bankruptcy is a lightning rod for intense scrutiny of the debtor's good faith."  Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Ed., §181.1 at 1, Rev. June 7, 2014, www.Ch13Online.com (hereafter "Lundin").

    c. The Chapter 13 trustee is authorized to avoid transfers and recover fraudulent transfers Section 548 of the Bankruptcy Code. See also Lundin, supra at 60.1. However, the Chapter 13 trustees rarely exercise that authority for a number of reasons. Lundin at 60.

    d. The Trustee must bring an action to recover a fraudulent transfer within the later of: 2 years after the order for relief, 1 year after the trustee is appointed, or the time the case is closed or dismissed. §546 of the Bankruptcy Code. At risk is the possibility that inaction by the Chapter 13 trustee may prejudice a Chapter 7 trustee if the case is converted.

    e. Further, the failure to preserve the cause of action in the confirmation order may result in a bar to such action post confirmation. Lundin at 60.1 [18].  In order to avoid the possibility of a bar the trustee would need to postpone confirmation to proceed with an adversary proceeding against the debtor and the transferees. 13. Although trustees have entered into tolling agreements with debtors there is no assurance that the transferees in this case would also agree to the tolling of §546 of the Code.

    f. There is no assurance that an action to recover the Debtor's transfers will be successful, or if successful that the transfers can be recovered from the transferees.

g. The Trustee believes that it is in the best interest of the creditors and the bankruptcy estate that this case be dismissed rather than confirmed.

2. According to her testimony at the Section 341 meeting of creditors, the Debtor recently entered into a contract for the sale of non-homestead real property located at 11008 Everest Circle, Huntsville, Alabama, which the prospective purchasers have now moved into. The Debtor has failed to seek court approval for the sale of said real property pursuant to Section 363 and has failed to provide the Trustee with a copy of the contract.

3. The Debtor failed to complete Official Form 122C-2, specifically line 11 and its corresponding lines, and the Trustee is unable to determine the means test pool.

4. The amount of the attorney fee paid pre-petition directly to the attorney on the Statement of Financial Affairs conflicts with the amount per the Plan and the Disclosure of Compensation.

5. The Trustee objects to the requested attorney fee compensation as excessive based upon the amount to be distributed to all creditors pursuant to the proposed Plan.

6. The Debtor's claim of exemption on Schedule C is improper. The Trustee filed an Objection to Debtor's Claim of Exemptions on January 25, 2025, which is scheduled for hearing on February 19, 2025.

WHEREFORE, the Trustee moves that the subject case be dismissed.

Done this 7th day of February, 2025.

/s/Michele T. Hatcher
Michele T. Hatcher, Chapter 13 Trustee
P.O. Box 2388
Decatur, AL. 35602
(256) 350-0442

## CERTIFICATE OF SERVICE

I hereby certify that on February 7th, 2025, I have served a copy of the foregoing on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4 of the Court's Administrative Procedures.

| | |
|---|---|
| Julia Johnson<br>1307 Pecan Point Way SE<br>Huntsville, AL 35803 | JOHN C. LARSEN<br>LARSEN LAW PC<br>1733 WINCHESTER ROAD<br>HUNTSVILLE, AL 35811 |

/s/Michele T. Hatcher
Michele T. Hatcher