# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| JULIA JOHNSON ) | CASE NO.: 24-82357-CRJ13 |
| SSN: XXX-XX-7598 ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | |

## ORDER APPROVING MOTION TO ALLOW SALE OF REAL PROPERTY

This matter came before the Court on April 1, 2025 ("Sale Hearing"), on the Motion to Allow Sale filed by the Debtor Julia Johnson ("Debtor"), for the authority to sell real property located at 11008 Everest Circle SE Huntsville, Alabama 35803 ("Property") to Stanley and Josey Tillman free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363. Proper notice of the hearing was given and appearances were made as noted on the record.

The Court having reviewed the Sale Motion and the basis for the relief requested therein, as well as the conditional objection to the Sale Motion by Bryant Bank; and having considered the arguments presented in connection therewith at the Sale Hearing; and having also considered the agreements and stipulations made in Court relating to the Sale Motion; and having determined that the legal and factual basis set forth in the Sale Motion establish just cause for the relief granted herein; and finding that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is:

**HEREBY FOUND AND DETERMINED AS FOLLOWS**:

Findings of Fact and Conclusions of Law

A.   The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of fact are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such. The findings of fact and conclusions of law set forth herein are augmented by any additional findings of fact or conclusions of law made on the record at the Sale Hearing, which oral findings and conclusions are incorporated herein by this reference.

Jurisdiction, Venue and Core Proceeding

B.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

Statutory Predicates

C.   The statutory predicate for the relief requested in the Sale Motion are sections 105, 363, and 1107 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Bankruptcy Rules 2002, 6004 and 9014. The consummation of the transaction contemplated by the Sale Motion and this Order are legal, valid, and properly authorized under all such provisions of the Bankruptcy Code and the Bankruptcy Rules, and all applicable requirements of such sections and rules have been complied with in all respects or waived by this Court pursuant to this Order.

Notice; Opportunity to Object

D.     Written notice of the Sale Motion and the Transactions contemplated therein was given to all interested persons, including without limitation: (a) all known creditors of the Debtor; (b) entities known to have expressed an interest in a transaction with respect to the Property to be sold; (c) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Property; and (d) those parties who have filed the appropriate notice requesting notice of all pleadings filed in this chapter 13 case. The foregoing constitutes proper, timely, adequate, and sufficient notice under the particular circumstances of this case, and no further notice was required or need be provided.

E.     Based on a review of the record, the notice provided to all interested parties, the Debtor's representations and the Sale Motion, the Court finds that a reasonable opportunity to object or be heard with respect to the Sale Motion, the Sale (and the Transactions contemplated thereby) has been afforded to those parties entitled to notice pursuant to the Bankruptcy Code and the Bankruptcy Rules.

Authority

F.     The sale of the Property to Stanley and Josey Tillman (the "Tillmans") and the authorization for the Debtor to implement the sale of the Property to the Tillmans is duly authorized pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code and Bankruptcy Rule 6004(f).

Sale in Best Interests

G. Approval and consummation of the Sale of the Property to the Tillmans pursuant to this Order are in the best interests of the Debtor, the estate, her creditors, and other parties in interest.

Arm's-Length Sale

H. The sale was negotiated, proposed, and entered into by Debtor and the Tillmans without collusion, in good faith, and on an arm's-length basis. The Tillmans are not an insider or affiliate of the Debtor. The Debtor and the Tillman's have not engaged in any conduct that would cause or permit the sale to be avoided under section 363(n) of the Bankruptcy Code.

Good Faith Purchasers

I. The Tillmans are a good faith purchaser, as that term is used in the Bankruptcy Code, and are entitled to the protections of section 363(m) of the Bankruptcy Code. The terms and conditions of the Sale as set forth in the Purchase Agreement were negotiated, proposed, and agreed to by the Debtor and the Tillmans without collusion, in good faith, and from arm's-length bargaining positions.

Effect of Closing

J. As of the Closing, pursuant and subject to the terms of the sale, the transfer of the Property pursuant to the Sale will effect a legal, valid, enforceable, and effective transfer of the Property and will vest the Tillmans with all of the Debtor's rights, title, and interest in and to the Property free and clear of all liens, claims, encumbrances, and interests.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Sale Motion is **APPROVED** as set forth herein.

2. All objections to the relief sought in the Sale Motion that were not withdrawn, waived, or settled are hereby overruled on the merits.

3. The Court finds that notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with § 102(1) of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004.

4. The terms of the sale as outlined in the Sale Motion are hereby approved.

5. Pursuant to section 363(b) of the Bankruptcy Code, Debtor is authorized and directed to consummate the Sale pursuant to and in accordance with the terms and conditions of the of this Order.

6. Prior to the Closing of the Sale, the Closing agent and/or attorney shall provide the Chapter 13 Trustee with a copy of the HUD-1 Closing Disclosure Statement for approval prior to closing.

7. Pursuant to sections 105 and 363 of the Bankruptcy Code upon Closing, the Property shall be transferred to the Tillmans free and clear of all liens, claims, and encumbrances and the lien of Bryant Bank shall attach to the sale proceeds.

8. The transfer of the Property to the Tillmans pursuant to this Order, shall constitute a legal, valid, and effective transfer of the Property at the Closing and shall vest the Tillmans with all of the Debtor's right, title, and interest in such Property, free and clear of all liens, claims, encumbrances, and interests.

9. At the Closing of the Sale, Debtor, the Tillmans and their agents shall deliver to Bryant Bank the net sale proceeds remaining after payment of the usual and customary closing costs. Any payment made to Bryant Bank under this Order is without prejudice to its ability to file a proof of claim for any and all remaining indebtedness that is owed to Bryant Bank by the Debtor.

10. The Court's approval of the Sale Motion is in the best interests of the Debtor, the Debtor's estate and creditors, and all other parties in interest in this chapter 13 case.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Sale of the Property to the Tillmans as approved herein.

Dated this the 10th day of April, 2025.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order Prepared by:
Kevin D. Heard kheard@heardlaw.com

Order Reviewed and Approved by:
John Larsen, Debtor's attorney
john@jlarsenlaw.com

Michele T. Hatcher, Chapter 13 Trustee
michele.hatcher@ch13decatur.com